# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DAVID A. ZAISER** : <br> 1135 Lookout Lane : <br> Rapid City, SD 57701 : <br> : <br>        **Plaintiff** : <br>     v. : <br> : <br> **BNSF RAILWAY COMPANY, f/k/a** : <br> **Burlington Northern and Santa Fe** : <br> **Railway Company** : <br> 2650 Lou Menk Drive : <br> Fort Worth, TX 76131 : <br> : <br>        **Defendant.** : | NO. 4:21-cv-3023 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq. (FELA) which grants this Court jurisdiction over this action.

2. Plaintiff, David A. Zaiser, is an adult individual residing at the above captioned address.

3. Defendant, BNSF Railway Company, f/k/a Burlington Northern and Santa Fe Railway, successor in interest to Burlington Northern Railroad and Atchison, Topeka and Santa Fe Railway, amongst others, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States including Nebraska.

4. Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

5. From 1979- to 1984 and 1992 to 2017 Plaintiff was employed by Defendant railroad as a maintenance of way employee/machine operator who was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

6. During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings, locomotives and along its right of ways, including but not limited to the Alliance Yard in Lincoln, NE as well as locations in Broken Bow, Crawford Sidney and Scottsbluff, NE the Plaintiff was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/fumes/exhaust/benzene, creosote vapors and welding fumes.

7. Specifically, while on or around locomotives, Plaintiff was exposed to diesel fumes/exhaust and benzene from locomotive exhaust and from track diesel powered equipment, and creosote from rail ties and bridge timbers and welding fumes from joining the rails.

8. Plaintiff's exposure to the above referenced toxic substances and known carcinogens, whether by inhalation or consumption, in whole or in part, caused or contributed to his development of Myelodysplastic Syndrome.

9. Plaintiff's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

10. The Plaintiff's cancer is the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

11. Defendant's negligence consisted of:

(a) Failing to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work as required by the FELA;

(b) Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to toxic materials and carcinogens;

(c) Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(d) Failing to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(e) Failing to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways

(f) Failing to periodically test employees such as the Plaintiff for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff as to the test results;

(g) Failing to warn the Plaintiff of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

(h) Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff, to carcinogens;

(i) Failing to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens;

(j) Failing to provide the Plaintiff with protective equipment designed to protect him from exposure to toxic materials and carcinogens;

    (k)    Failing to utilize low emissions fuel such as bio-diesel for its locomotives; and

    (l)    Failing to provide the Plaintiff with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

12.    The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

13.    As a direct result of the negligence of the Defendant, the Plaintiff experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

14.    As a result of the negligence of the Defendant, Plaintiff sustained a loss of income, benefit and future income and benefits.

15.    Plaintiff suffers from a fear of death as a result of his cancer.

16.    Plaintiff, David Zaiser, seeks all damages recoverable under the FELA.

21.    Less than three (3) years before Plaintiff's Complaint was filed he first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, David Zaiser, demands judgment against the Defendant in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

                BERN CAPPELLI

           BY:  /s/ Shawn M. Sassaman
                SHAWN M. SASSAMAN
                JENNIFER HOFFMAN
                101 West Elm Street
                Suite 520
                Conshohocken, PA  19428
                (610) 941-4444

                Attorneys for Plaintiff